IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3245-BO

| | | |
|---|---|---|
| PETER M. EBEL, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| N. ALLRED, et al., | ) | |
|        Defendants. | ) | |

On November 30, 2011, Peter M. Ebel ("Ebel") filed this civil rights suit pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court on numerous motions including defendants' motion to dismiss for failure to state a claim or alternatively for summary judgment [D.E. 17]. The matter is ripe for determination.

As background to this matter, plaintiff is currently housed at the Federal Correctional Center at Butner, North Carolina, as a civil detainee pursuant to the Adam Walsh Act, 18 U.S.C. § 4248 (herein referred to as "§ 4248"). On June 21, 2010, Ebel was certified by the Attorney General as a sexually dangerous person and currently awaits a § 4248 hearing on the merits of the certification. The hearing has been moved several times at the request of Ebel, through his counsel, and is currently set for February 1, 2013. United States v. Ebel, No. 5:10-HC-2124-BO, D.E. 82, 83, 85-91. Ebel is represented by Curtis R. High in that action.

This action is related to the Adams Walsh action in that Ebel seeks his legal and evidentiary paperwork confiscated on May 11, 2011 [D.E. 1, p. 3]. According to Ebel, "the majority of [the paperwork] .. comprised a part of [his] defense in [his] 4248 case . . . [i]ncluded in the defense material, and paperwork generally, confiscated by Allred [defendant to this action] . . . were three manuscripts, notes, and research documents, personal correspondence, evidence of [his] employment

prior to [his] incarceration, and personal files [pet., p. 3]." However, on January 10, 2012, in the § 4248 proceeding, this court ordered the Bureau of Prisons "to turn over Mr. Ebel's property that was confiscated on May 11, 2011, to Mr. Ebel's counsel for review within ten days of the date of this Order." United States v. Ebel, No. 5:10-HC-2124-BO, D.E. 64. This court then ordered counsel for Ebel to "forward any legal materials contained therein, comporting with Bureau of Prisons policy and regulations" to Ebel. Id.

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment, Fed. R. Civ. P. 12(d), and plaintiff was so notified [D.E. 26]. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

The Fourth Circuit has consistently held that when a prisoner is no longer subject to the alleged unconstitutional condition, the claim is moot. See Rendelman v. Rouse, 569 F.3d 182,

186-188 (4th Cir. 2009); Towns v. Jarvis, 577 F.3d 543, 549 n.3 (4th Cir. 2009); Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (a prisoner's transfer mooted a request for declaratory and injunctive relief but not a request for monetary damages). In the case before this court, Ebel seeks "[t]he complete return of all property confiscated on May 11, 2011 in the same condition and order at the time it was confiscated [D.E. 1, Pet., p. 5]." Ebel continues in his petition that only absent the return of his property does he seek alternative relief [D.E. 1, pet., p. 5 Ebel states that "failing" the return of his property he seeks monetary relief including punitive damages]. Having returned the property, the claim is MOOT.

Accordingly, the motion to amend the complaint was ALLOWED and considered [D.E. 10].[1] Summary judgment for defendants is ALLOWED [D.E. 17] and the case is DISMISSED in its entirety. All other pending motions are DENIED as MOOT [D.E. 9, 11, 15, 22, and 27].

SO ORDERED. This the 10 day of December 2012.

TERRENCE W. BOYLE
United States District Judge

---

[1] A party may amend his pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). The court shall allow the March 22, 2012, Motion to Amend [D.E. 10].

3